UNITED STATES of America,
Plaintiff–Appellee,

v.

William LAMBERT, Jr., a.k.a. Duta,
Defendant–Appellant.

No. 12–30012.

United States Court of Appeals,
Ninth Circuit.

*** This disposition is not appropriate for publi-
   cation and is not precedent except as provid-
   ed by 9th Cir. R. 36–3.

Submitted Sept. 10, 2012.*

Filed Sept. 24, 2012.

Leif Johnson, Assistant U.S., Billings, MT, Ryan George Weldon, Assistant U.S., Office of the U.S. Attorney, Great Falls, MT, for Plaintiff–Appellee.

David Merchant, Assistant Federal Public Defender, Jessica L. Weltman, Esquire, Federal Defender Research, Federal Defenders of Montana, Billings, MT, for Defendant–Appellant.

Before: WARDLAW, CLIFTON, and N.R. SMITH, Circuit Judges.

## MEMORANDUM **

William Lambert, Jr., appeals from the 24–month sentence imposed upon revocation of supervised release. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Lambert contends that the district court erred under *United States v. Grant*, 664 F.3d 276 (9th Cir.2011), when it imposed a term of imprisonment for the purpose of rehabilitation. The record reflects that the court did not impose a custodial sentence to promote Lambert's rehabilitation. Moreover, given Lambert's significant breach of trust, reflected by the fact that he violated conditions of his supervised release within weeks of being released, the sentence is substantively reasonable. *See*

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, appellant's request for oral argument is denied.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

18 U.S.C. § 3583(e); *United States v. Miqbel*, 444 F.3d 1173, 1182 (9th Cir.2006) (at a revocation sentencing, a district court may sanction the defendant for his breach of trust).

**AFFIRMED.**